183  145
191  115

## T. W. Thomas and E. Hopkins, doing business as Thomas Hopkins, Appellants, *v.* A. P. O'Donnell.

*Mechanic's lien—Building contract—Affidavit of defense—Practice, C. P.*

In an action to recover a balance alleged to be due on a building contract, an affidavit of defense is insufficient which specifies certain departures from the specifications and defects in the work, but fails to state the amount of the resultant damage.

Where a building contract provides that the building shall be delivered "free and discharged from all claims, liens and charges whatsoever" an affidavit of defense in a suit against the owner is sufficient which avers

that claims had been filed against the building for services rendered, and materials used in the construction of it, and that these claims had not been satisfied.

Argued Feb. 24, 1897. Appeal, No. 36, Jan. T., 1897, by plaintiffs, from order of C. P. Lackawanna Co., Sept. T., 1896, No. 501, discharging rule for judgment for want of a sufficient affidavit of defense. Before WILLIAMS, McCOLLUM, MITCHELL, DEAN and FELL, JJ. Affirmed.

Scire facias on mechanic's lien based on a building contract.

Rule for judgment for want of a sufficient affidavit of defense.

The following affidavit of defense was filed:

I, Annie M. O'Donnell, being duly sworn according to law, depose and say: I am a relative, namely, sister of A. P. O'Donnell, above defendant; said A. P. O'Donnell is absent from Scranton at this time and will not return until after the expiration of the time for filing affidavit of defense in this case; A. P. O'Donnell and I keep house in the premises against which the lien in the above stated case was filed. I am familiar with all the facts in the above stated case, and for the reasons herein set forth make this affidavit and say that the said A. P. O'Donnell has a true, just, full and legal defense to the whole of the plaintiffs' claim of the following nature and character, to wit:

1. The work is not done in accordance with the plans and specifications: (*a*) the plans and specifications provide that the building shall be heated by a furnace " to be selected by the owner," instead of which the furnace placed in the building was selected by the contractors without the knowledge of the said defendant, A. P. O'Donnell, and is of an inferior make and of not sufficient capacity to heat the building properly; (*b*) the plans and specifications call for transoms over the doors which the contractors neglected to do by not placing transoms over any of the doors; (*c*) the specifications provide that all inside woodwork shall be hand-finished and smoothed; the four newel posts in the house are rough finished; (*d*) the specifications provide that the second floor shall be finished in poplar, instead of which the stairway in the second story is made of pine; (*e*) the specifications call for a porch and steps leading from the rear door on first floor, this the contractors failed to

do: (f) the specifications call for the construction of a coal-bin in the cellar; this the contractors neglected to put in; (g) the specifications provide for the plastering of the entire building—a large portion of the third floor has not been plastered.

2. The building is not constructed in a good and workmanlike manner as provided by the contract: The glass in the double door was broken, the plaster in four rooms on the first and second floor is badly cracked; on the third story the flooring is not laid level but has a large rise or hump; the roof on front porch leaks very much; one door on the second floor is badly warped and cannot be closed; the front doors to the house and also the back doors were warped to such an extent that they could not be closed.

Defendant filed a supplemental affidavit of defense which was as follows:

1. The building against which plaintiffs have filed a lien was erected in pursuance of a contract dated February 10, 1896, which agreement, among other things, contained the following covenant in relation to liens: "The said Thomas & Hopkins shall and will on or before the 25th day of May, 1896, in a good and workmanlike manner, well and substantially erect, build, set up, finish and deliver (the building) to the said A. P. O'Donnell, party of the second part, free and discharged from all claims, liens and charges whatsoever." Besides the plaintiffs', liens have been filed by W. C. Cowles, North End Lumber Company and Paragon Plaster & Supply Company.

2. The consideration of the contract for the erection of this building was $2,695, of which $500 was to be paid when the house was under cover, and the balance of $2,195 when the structure was entirely completed according to the plans and specifications. This has not been done as instanced by the facts alleged in the first affidavit of defense.

The court discharged the rule for judgment.

*Error assigned* was order discharging rule.

*A. A. Vosburg* and *W. S. Hulslander*, for appellants.—The covenant to deliver the building free from incumbrances is not a covenant against filing liens: Nice v. Walker, 153 Pa. 129; Murphy v. Ellis, 153 Pa. 133; Schmid v. Improvement Co., 162 Pa. 216; Creswell Iron Works v. O'Brien, 156 Pa. 172.

This case would appear to be governed by the Act of June 26, 1895, P. L. 369.

The affidavit of defense should state, specifically and at length, the nature and character of the defense relied on, and should set forth such facts as will warrant the legal inference of a full and legal defense to the plaintiffs' cause of action: Bryar v. Harrison, 37 Pa. 233; Ogden v. Offerman, 2 Miles, 40; Lehmaier v. Born, 1 W. N. C. 444; Ettinger v. Miller, 153 Pa. 458.

*M. A. McGinley,* for appellee.—These affidavits raise questions for consideration and determination by a jury. In cases requiring broad inquiry into facts, where the court refuses judgment for want of a sufficient affidavit of defense, the matter should go to a jury. The Act of April 18, 1874, P. L. 64 was intended to reach only clear cases of error in law: Griffith v. Sitgreaves, 81* Pa. 378; Radcliffe v. Herbst, 135 Pa. 574; Ensign v. Kindred, 163 Pa. 642.

The Supreme Court will not consider an appeal refusing judgment for want of a sufficient affidavit of defense where at most there is merely a doubt as to the correctness of the decision of the lower court: Security S. & L. Assn. v. Anderson, 172 Pa. 305; Ætna Ins. Co. v. Confer, 158 Pa. 604.

Stipulations against liens are obligatory upon the contractor: Long v. Caffery, 93 Pa. 526; Scheid v. Rapp, 121 Pa. 593; Taylor v. Murphy, 148 Pa. 337; Association v. Jackson, 163 Pa. 208.

A contract that no mechanics' liens shall be filed is not unreasonable to either the contractor or sub-contractor; and any statute that attempts to frame a new contract and substitute it for the one made by the parties is unconstitutional: Waters v. Wolf, 162 Pa. 153.

OPINION BY MR. JUSTICE McCOLLUM, November 8, 1897:

In this case the plaintiffs obtained a rule to show cause why judgment should not be entered for want of a sufficient affidavit of defense. On the hearing of the rule it was discharged and from the order discharging it this appeal was taken.

The suit is on a claim filed by the plaintiffs for the balance alleged to be due to them on their contract with the defendant

to build for him a house in accordance with the plans and speci-
fications furnished or to be furnished by Henry Miller, archi-
tect, and to finish and deliver the same to him on or before
May 25, 1896, "free and discharged from all claims, liens and
charges whatsoever." In the affidavits filed by the defendant
his grounds of defense to their claim were specified as follows:
1. The house was not built according to the plans and specifi-
cations. 2. In addition to their claim for the unpaid balance of
the contract price there were three other claims filed against
the building for services rendered and materials used in the
construction of it. The departures from the specifications and
the defects in the work were specified but the allowance or
deduction claimed on account of them were not stated. The
defective work and the noncompliance with the specifications,
considered by themselves, appear to have been regarded by the
learned judge of the court below as insufficient to prevent judg-
ment because of the failure of the defendant to state the amount
of the resultant damage, but he obviously thought that he ought
not to enter judgment for the balance of the contract price while
the claims filed by the mechanics and materialmen were un-
satisfied. In view of the averments in the affidavits of defense
and of the stipulations in the contract in regard to liens and the
completion of the building, we cannot say that he erred in dis-
charging the rule for judgment. The order discharging the
rule is therefore affirmed.