# North End Lumber Company, Limited, Appellant, *v.* A. P. O'Donnell.

*Mechanics' liens—Affidavit of defense—Contract.*

An affidavit of defense to a scire facias sur mechanic's lien filed by a material man is sufficient which avers that under the building contract the building was to be delivered "free and discharged from all liens and charges whatsoever," and that a number of lien claims had been filed against the building amounting to a sum specified which was almost double the amount of the contract price.

Argued Feb. 22, 1899. Appeal, No. 62, Jan. T., 1899, by plaintiff, from order of C. P. Lackawanna Co., mechanic's lien, No. 1832, in Docket No. 3, discharging rule for judgment for want of a sufficient affidavit of defense. Before STERRETT, C. J., GREEN, MITCHELL, DEAN and FELL, JJ. Affirmed.

Scire facias sur mechanic's lien. Before GUNSTER, J.

The material averments of the affidavit of defense are stated in the opinion of the Supreme Court.

*Error assigned* was the order of the court discharging a rule for judgment for want of a sufficient affidavit of defense.

*A. A. Vosburg,* with him *Charles W. Dawson,* for appellant.

*M. A. McGinley,* for appellee.

OPINION BY MR. JUSTICE GREEN, April 24, 1899:

The proceeding in this case is a scire facias on a mechanic's lien. The plaintiff claims to have furnished materials for the building, and filed a lien therefor. The defendant filed an affidavit of defense in which he alleged, (1) that the building in question was erected under a contract with Thomas & Hopkins, contractors and builders, and that the contract, being in writing, contained the following clause, " The said Thomas & Hopkins shall and will, on or before the 25th day of May, 1896, in a good and workmanlike manner, well and substantially erect, build, set up, finish and deliver (the building) to the said A. P

O'Donnell, party of the first part, free and discharged from all liens and charges whatsoever; " (2) that the whole contract price for the building was $2,695, of which $500 was to be paid, and was paid, when the building was under roof, and the balance, $2,195, was to be paid when the building was entirely completed according to the plans and specifications ; (3) that the building was not completed according to the plans and specifications in several particulars which are all enumerated in the affidavit, and also that the building was not erected in a good and workmanlike manner in several particulars which are enumerated in detail ; (4) that Thomas & Hopkins filed a lien for the sum of $2,195, and issued a scire facias thereon, against which an affidavit of defense was filed, and upon a rule to show cause why judgment should not be entered for the plaintiff, the court of common pleas discharged the rule, and upon an appeal therefrom to this Court the order was affirmed; (5) that a number of lien claims were filed against the building, amounting to $4,277.35.

In the case of Thomas v. O'Donnell, 183 Pa. 145, which was a sci. fa. by the contractor upon a claim under this same contract, and an affidavit of defense setting forth most but not all of the matters of defense contained in the present affidavit, we sustain the court below in discharging the rule for judgment saying : " In view of the averments in the affidavits of defense, and of the stipulations in the contract in regard to liens and the completion of the building, we cannot say that he erred in discharging the rule for judgment. The order discharging the rule is therefore affirmed." In that case the filing of the numerous liens set forth in the present affidavit was not averred. These liens amount to $4,277.35, almost double the entire contract price to be paid by the defendant for the erection of the building. It would be a great hardship upon the defendant to allow each one of these lien creditors to file a lien and recover upon their claims such an amount as this, without giving him an opportunity to be heard upon any of them, upon the theory that each claimant has a right to recover upon his own claim without any reference to the fact that there are other claims set up against him under the same contract. Without saying anything upon the merits of the present claim, and without prejudice to the right of the plaintiff to establish its claim before a jury, we

are constrained to say, as we did in the former case, that in view of the averments contained in the affidavit of defense we can not say that the court below was in error in discharging the rule.

The order discharging the rule for judgment is affirmed and the record is remitted for further proceedings.